510 So.2d 931 (1987)
MERRILL STEVENS DRY DOCK COMPANY, Appellant,
v.
Vivian ALVAREZ, f/u/b/o American Home Insurance Company, Appellee.
No. 86-1732.
District Court of Appeal of Florida, Third District.
June 23, 1987.
Rehearing Denied August 31, 1987.
Smathers & Thompson and Debra L. Brady and G. Morton Good, Miami, for appellant.
Hayden & Milliken and Domingo C. Rodriguez, Miami, for appellee.
Before BASKIN, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
This is an appeal from a final judgment in favor of the appellee, American Home Insurance Company, for $222,249, the amount determined by the trial court, sitting without a jury, to be the damages suffered by the appellee when a yacht owned by Alvarez, American Home's subrogor,[1] was totally destroyed by fire. Merrill Stevens Dry Dock Company urges that an exculpatory clause in the repair contract relieved it from responsibility for damages to other parts of the vessel, or the vessel as a whole, caused by its negligent failure to properly repair a certain part of the vessel. We agree and reverse with directions to enter judgment for Merrill Stevens.[2]
There is no dispute that the negligent failure of the defendant, Merrill Stevens Dry Dock Company, to install or to see to it that its subcontractor installed turbo-charger blankets on the plaintiff's yacht was a breach of its express undertaking "to repair the vessel in a good and workmanlike manner" and was the proximate cause of a fire resulting in the total loss of the vessel. There is also no dispute that it was neither pleaded nor proved that Merrill Stevens' omission amounted to gross negligence.
Initially, the trial court, in entering judgment for Merrill Stevens as to the loss of the vessel claim, concluded that Clause 7 of the repair contract[3]

*932 "clearly and unequivocally expresses the intent that Merrill Stevens shall have no liability for any damages or losses sustained, whether in tort or contract unless and until it has been established that their conduct amounted to gross negligence. Such clauses under the maritime law, known as "Red Letter" clauses have been held to be valid and binding. Todd Shipyard Corp. v. Turbine Service, Inc., 674 F.2d 401 (5th Cir.1982); Morton v. Zidell Explorations, Inc., 695 F.2d 347 (9th Cir.1982); Ortiz v. ETPM U.S.A., Inc., 553 F. Supp. 549 (S.D.Tex. 1982); Noruna IV, AMC 967 (D.Mass. 1969). Clause 7 was under all of the circumstances surrounding these repairs binding on the parties, valid and enforceable."
On rehearing, the trial court reversed itself, concluding that the "Red Letter" clause did not "absolve Merrill Stevens from liability ... resulting from breach of their express warranty to `repair the vessel in a good and workmanlike manner.'"
We are of the view that the trial court was right in the first place: Merrill Stevens' undertaking to "repair the vessel in a good and workmanlike manner" made it responsible to correct defective repairs; the exculpatory clause relieved Merrill Stevens  unless grossly negligent  from responsibility for damages to other parts of the vessel caused by the defective repairs. This is simply an unambiguous arm's length transaction between parties of like bargaining power who were well able to allocate who was to bear the responsibility for insuring against what loss. Accordingly, the judgment under review is reversed, and the cause is remanded to the trial court with directions to enter judgment for Merrill Stevens. The order denying American Home's motion for attorney's fees is affirmed.
Affirmed in part; reversed in part, and remanded with directions.
DANIEL S. PEARSON and FERGUSON, JJ., concur.
BASKIN, Judge (dissenting).
Initially, the trial court construed the parties' contract as absolving Merrill Stevens Dry Dock, Inc., [Merrill Stevens] of liability unless Merrill Stevens was proved grossly negligent in performing yacht repairs. Upon reconsideration, however, the court declared Merrill Stevens liable for the loss of the yacht, ruling that it had breached its express warranty. The majority reverses the trial court's determination upon a holding that Merrill Stevens incurred no liability unless it was grossly negligent in the performance of its contract. To reach that conclusion the majority relies on a portion of the challenged clause, but is silent as to the significance of the remainder of the clause. The majority's failure to give effect to the entire clause forms the basis of my dissent.
The operative clause states:
CONTRACTOR undertakes to perform the work outlined and haul and launch vessels, provide berth, wharfage, towage, and other services and facilities only upon the condition that it shall not be liable, directly or indirectly, incontract, tort, or otherwise, to the vessel, its owners, *933 charterers, underwriters, or any of their agents, servants, or employees, or persons to whom they might be responsible for any personal injury or death, or damage to the vessel, its cargo, equipment or movable stores or for any consequence thereof, unless such personal injury, death, or property damage, is caused by CONTRACTOR'S gross negligence or the gross negligence of any of its employees, which gross negligence shall not be presumed but must be affirmatively established. In no event, including the negligence and/or the gross negligence and/or the breach of contract of CONTRACTOR, shall the CONTRACTOR'S aggregate liability to all such parties in interest for personal injury, death or damage sustained by them, including damages for delay of the vessel, or any other type of damage, exceed the sum of $300,000.00, and in no event shall the CONTRACTOR be liable to any extent to the vessel, her owners, charterers and/or underwriters, for the cost of defending any claims asserted by third parties, including attorney's fees, whether such actions shall be commenced by its employees or others.
Reading the clause in its entirety, I conclude that Merrill Stevens is liable for its conduct under the terms of the contract. Although the first portion of the clause purports to impose liability on Merrill Stevens only if it is found grossly negligent, the second section renders Merrill Stevens liable up to the sum of $300,000 for "negligence and/or ... gross negligence and/or ... breach of contract... ." The parties obviously envisioned circumstances where Merrill Stevens could be liable under any of three theories: negligence, gross negligence, or breach of contract. The trial court, having determined that Merrill Stevens breached its express warranty to repair the yacht in a "good and workmanlike manner," correctly imposed liability on Merrill Stevens and, following firmly established principles of law, see Alcoa Steamship Co. v. Charles Ferran & Co., 383 F.2d 46 (5th Cir.1967), cert. denied, 393 U.S. 836, 89 S.Ct. 111, 21 L.Ed.2d 107 (1968), awarded damages under the $300,000 limitation. The majority approves the trial court's finding, but refuses to impose liability, apparently because the breach stems from a contractual violation rather than from gross negligence.
I find no basis for the majority's reweighing of the trial court's findings of fact, its failure to consider the second portion of the contested clause, or its holding that Merrill Stevens' breach of its express warranty does not constitute grounds for assessing liability. I would enforce the contract and hold Merrill Stevens liable up to the $300,000 limit intended by the parties. I agree, however, that American Home Insurance Company is not entitled to attorney's fees.
NOTES
[1] American Home, as the vessel's insurer, paid Alvarez $180,000 for the loss.
[2] American Home cross-appeals from the trial court's order denying it attorney's fees. We affirm that order without further discussion.
[3] Clause 7 of the contract provides:

"CONTRACTOR undertakes to perform the work outlined and haul and launch vessels, provide berth, wharfage, towage, and other services and facilities only upon the condition that it shall not be liable, directly or indirectly, in contract, tort, or otherwise, to the vessel, its owners, charterers, underwriters, or any of their agents, servants, or employees, or persons to whom they might be responsible for any personal injury or death, or damage to the vessel, its cargo, equipment or movable stores or for any consequence thereof, unless such personal injury, death, or property damage, is caused by CONTRACTOR'S gross negligence or the gross negligence of any of its employees, which gross negligence shall not be presumed but must be affirmatively established. In no event, including the negligence and/or the gross negligence and/or the breach of contract of CONTRACTOR, shall the CONTRACTOR'S aggregate liability to all such parties in interest for personal injury, death or damage sustained by them, including damages for delay of the vessel, or any other type of damage, exceed the sum of $300,000.00, and in no event shall the CONTRACTOR be liable to any extent to the vessel, her owners, charterers and/or underwriters, for the cost of defending any claims asserted by third parties, including attorney's fees, whether such actions shall be commenced by its employees or others."