554 So.2d 593 (1989)
Marie C. MICHEL, Appellant,
v.
MERRILL STEVENS DRY DOCK COMPANY, Appellee.
No. 88-2992.
District Court of Appeal of Florida, Third District.
December 19, 1989.
Rodriguez and Aronson and Domingo C. Rodriguez; Preddy, Kutner, Hardy, Rubinoff, Brown, and Thompson and Susan S. Lerner, Miami, for appellant.
Kelley Drye & Warren and Robert C. Shearman, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL, HUBBART, NESBITT, BASKIN, FERGUSON, JORGENSON, COPE, LEVY and GERSTEN, JJ.

*594 ON REHEARING EN BANC
LEVY, Judge.
This case was set for rehearing en banc to determine the enforceability of an exculpatory clause contained in a ship repair contract. The vessel owner argues that the trial court erred in entering summary judgment in favor of the ship repairer because the exculpatory clause was ambiguous and, thus, did not absolve the ship repairer from liability for its negligence and/or breach of contract. We agree.
Marie C. Michel owned a cargo vessel and had arranged for the vessel to be repaired by Merrill Stevens Dry Dock Company. She signed Merrill Stevens' standard "Work Order and Ship Repair Contract," which provided that Merrill Stevens agreed to repair the vessel "in a good and work-manlike manner." The contract contained an exculpatory clause which attempted to disclaim Merrill Stevens' liability for breach of contract and negligence, except for gross negligence. The exculpatory clause specifically stated that:
CONTRACTOR undertakes to perform the work outlined and haul and launch vessels, provide berth, wharfage, towage, and other services and facilities only upon the condition that it shall not be liable, directly or indirectly, in contract, tort, or otherwise, to the vessel, its owners, charterers, underwriters, or any of their agents, servants, or employees, or persons to whom they might be responsible for any personal injury or death, or damage to the vessel, its cargo, equipment or movable stores or for any consequence thereof, unless such personal injury, death, or property damage, is caused by CONTRACTOR'S gross negligence or the gross negligence of any of its employees, which gross negligence shall not be presumed but must be affirmatively established. In no event, including the negligence and/or the gross negligence and/or the breach of contract of CONTRACTOR, shall the CONTRACTOR'S aggregate liability to all such parties in interest for personal injury, death or damage sustained by them, including damages for delay of the vessel, or any other type of damage, exceed the sum of $300,000.00, and in no event shall the CONTRACTOR be liable to any extent to the vessel, her owners, charterers and/or underwriters, for the cost of defending any claims asserted by third parties, including attorney's fees, whether such actions shall be commenced by its employees or others.
Nine days after the repairs were completed, Michel's vessel sank while en route from Miami to Haiti fully laden with cargo. Michel brought suit against Merrill Stevens alleging breach of express and implied warranties, breach of contract, negligence, and gross negligence. Based upon this court's decision in Merrill Stevens Dry Dock Company v. Alvarez, 510 So.2d 931 (Fla. 3d DCA), review denied, 519 So.2d 986 (Fla. 1987), cert. denied, 486 U.S. 123, 108 S.Ct. 1996, 100 L.Ed.2d 228 (1988), the trial court granted Merrill Stevens' original motion for summary judgment as to all claims except that of gross negligence. In Alvarez, we held that an identical Merrill Stevens exculpatory clause relieved Merrill Stevens from liability unless Merrill Stevens was found to be grossly negligent.
After allowing for a reasonable discovery period as to the gross negligence claim, the trial court subsequently granted Merrill Stevens' Renewed Motion for Summary Judgment because Michel had failed to introduce any evidence whatsoever in support of the gross negligence allegations. The trial court then entered a Final Summary Judgment in favor of Merrill Stevens as to all claims, and Michel appeals.
We recognize that at the time this case was heard, the trial judge was relying upon our decision in the Alvarez case. However, we expressly recede from the majority decision in Alvarez, (hence the reason for our rehearing en banc, see Fla.R.App.P. 9.331(a), (c)), and adopt Judge Baskin's dissenting opinion, to wit:
Reading the clause in its entirety, I conclude that Merrill Stevens is liable for its conduct under the terms of the contract. Although the first portion of the clause purports to impose liability on Merrill Stevens only if it is found grossly *595 negligent, the second section renders Merrill Stevens liable up to the sum of $300,000 for "negligence and/or ... gross negligence and/or ... breach of contract... ." The parties obviously envisioned circumstances where Merrill Stevens could be liable under any of three theories: negligence, gross negligence, or breach of contract. The trial court, having determined that Merrill Stevens breached its express warranty to repair the yacht in a "good and work-manlike manner," correctly imposed liability on Merrill Stevens and, following firmly established principles of law, see Alcoa Steamship Co. v. Charles Ferran & Co., 383 F.2d 46 (5th Cir.1967), cert. denied, 393 U.S. 836, 89 S.Ct. 111, 21 L.Ed.2d 107 (1968), awarded damages under the $300,000 limitation. The majority approves the trial court's finding, but refuses to impose liability apparently because the breach stems from a contractual violation rather than from gross negligence.
I find no basis for the majority's reweighing of the trial court's findings of fact, its failure to consider the second portion of the contested clause, or its holding that Merrill Stevens' breach of its express warranty does not constitute grounds for assessing liability. I would enforce the contract and hold Merrill Stevens liable up to the $300,000 limit intended by the parties.
Alvarez, 510 So.2d at 933 (Baskin, J., dissenting).
We find the language regarding negligence and breach of contract liability in the exculpatory clause to be ambiguous because the language purports to absolve Merrill Stevens of all liability for its negligence and breach of contract in the first sentence of the clause, and yet, in the second sentence, refers to potential liability for negligence and/or breach of contract by providing that Merrill Stevens' aggregate liability shall not exceed $300,000.00.
In the case of Orkin Exterminating Company v. Montagano, 359 So.2d 512 (Fla. 4th DCA 1978), the Fourth District held that a homeowner was entitled to recover for termite damages from an exterminating company despite the fact that the homeowner had signed a contract containing an exculpatory clause limiting the exterminating company's damages liability. The court found that the exculpatory clause was ambiguous on its face because it provided for two different guarantees (a "total protection" guarantee and a guarantee limited to retreatment only), and did not differentiate as to which guarantee was applicable. The court stated that "because we do not look with favor on exculpatory clauses, we must require the draftsmen of all contracts which contain them to use clear and unequivocal language totally without a hint of deceptive come-on, or inconsistent, clauses." Orkin Exterminating Company v. Montagano, 359 So.2d at 514.
This court has also recognized that: "Generally, exculpatory contracts which attempt to relieve a party of his own negligence are not looked upon with favor; however, such contracts have been held valid and enforceable in Florida, where such intention was made clear and unequivocal in such contract." Middleton v. Lomaskin, 266 So.2d 678, 680 (Fla. 3d DCA 1972) (emphasis added). Accord Goyings v. Jack and Ruth Eckerd Foundation, 403 So.2d 1144 (Fla. 2d DCA 1981); L. Luria & Son, Inc. for Use and Benefit of Fireman's Fund Insurance Co. v. Alarmtec International Corp., 384 So.2d 947 (Fla. 4th DCA 1980). See also Edward Leasing Corp. v. Uhlig & Associates, Inc., 785 F.2d 877 (11th Cir.1986) (language in maritime contract exculpatory clause must be clear and unequivocal to be enforceable).
In the present case, the exculpatory intent was not made "clear and unequivocal." By limiting negligence and breach of contract claims to $300,000.00, Merrill Stevens tacitly acknowledged that such liability may exist in addition to liability for gross negligence, thus potentially misleading ship owners by affording them a false sense of protection in the event of negligence or breach of contract on the part of the repairer. The inconsistent language contained in the exculpatory clause which Merrill Stevens drafted does not clearly express exculpatory *596 intent for negligence or breach of contract and thus does not absolve Merrill Stevens from liability under these theories.
Accordingly, we affirm the summary judgment as to the gross negligence count in the absence of any evidence substantiating that claim, see Landers v. Milton, 370 So.2d 368, 370 (Fla. 1979) (summary judgment appropriate upon failure of opposing party to present competent evidence revealing a genuine issue of fact; "It is not enough for the opposing party merely to assert that an issue does exist."); Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla. 1965) (same), and reverse the summary judgment as to the claims sounding in negligence and breach of contract.
Affirmed in part; reversed in part.