STEVENSON, J.
This is an appeal from an order foreclosing a note and mortgage. Appellants contested enforcement of the note and mortgage on the ground that appellees did not comply with a settlement agreement between the parties, which provided that if appellees did not complete construction of a parking lot on the mortgaged property by a specified date, appellants could cancel the note and mortgage and record satisfaction of the note. We affirm the trial court’s finding that the parties, by their actions subsequent to the agreed time of performance, did not treat time as of the essence.
Appellees finished the project 45 days late. The trial court found, inter alia, that' appellants allowed appellees to expend money and resources to finish the parking lot after the completion date, appellants knew that appellees were continuing to work on the parking lot after the agreed-upon date of completion and did not object to appellees’ presence on the property after that time, and appellants accepted the use and benefit of the finished parking lot. We affirm the entry of judgment in favor of appellees/mortgagees because we find support in the record for the trial court’s determination that the purported “time is of the essence” proviso in the agreement was waived by the conduct of the parties subsequent to the agreed upon date of completion. See Rybovich Boat Works, Inc. v. Atkins, 587 So.2d 519, 521 (Fla. 4th DCA 1991); National Exhibition Co. v. Ball, 139 So.2d 489, 493 (Fla. 2d DCA 1962).
We have considered the other issues raised on appeal and find no error. Accordingly, the final judgment under review is AFFIRMED.
WARNER, C J., and STONE, J., concur.