**CORRECTED**                                        [DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————

No. 04-16203

————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 17, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-03130 CV-DMM

RDP ROYAL PALM HOTEL, L.P.,
a Florida limited partnership, by and
through its general partner, PADC
Hospitality Corporation I,

                                        Plaintiff-Counter-Defendant-
                                        Appellant
                                        Cross-Appellee,

versus

CLARK CONSTRUCTION GROUP, INC.,
a foreign corporation,

                                        Defendant-Counter-Defendant-
                                        Counter-Claimant-Third-Party
                                        Plaintiff-Appellee
                                        Cross-Appellant,

versus

ARQUITECTONICA INTERNATIONAL CORPORATION,
CORNERSTONE ENGINEERING PARTNERSHIP,
f.k.a. Riva Klein & Timmons, Inc.,

                                        Third-Party Defendants-

Counter-Claimants-
Appellees,

MCHUGH CONCRETE CONSTRUCTION,

Third-Party Defendant-
Third-Party Plaintiff-
Appellee.

_____

No. 05-11713
_____

D.C. Docket No. 01-03130 CV-TEB

RDP ROYAL PALM HOTEL, L.P.,
a Florida limited partnership, by and through
its general partner, PADC Hospitality
Corporation I,

Plaintiff-Counter-Defendant-
Appellee,

versus

CLARK CONSTRUCTION GROUP, INC.,
a foreign corporation,

Defendant-Counter-Defendant-
Counter-Claimant-Third Party-
Plaintiff-Appellant,

versus

ARQUITECTONICA INTERNATIONAL CORPORATION,

2

CORNERSTONE ENGINEERING PARTNERSHIP,
f.k.a. Riva Klein & Timmons, Inc.,

> Third-Party-Defendants-
> Counter-Claimants-
> Appellees,

MCHUGH CONCRETE CONSTRUCTION,

> Third-Party Defendant-
> Third-Party Plaintiff-
> Appellee.

---

Appeal from the United States District Court
for the Southern District of Florida

---

**(February 17, 2006)**

Before DUBINA and KRAVITCH, Circuit Judges, and STROM\*, District Judge.


PER CURIAM:

RDP Royal Palm Hotel, L.P., ("RDP") appeals an adverse judgment in favor of Clark Construction Group, Inc. ("Clark") on RDP's suit for breach of the construction contract between the parties. RDP seeks reversal of the district court's judgment denying its claims against Clark and granting the claims asserted by Clark in its counterclaim. RDP also appeals the district court's order awarding

_____

\*Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

Clark damages, attorney's fees, costs, and litigation expenses. Clark cross-appeals the district court's judgment denying its claim for extended general conditions costs. In addition, Clark appeals the district court's order denying its motion seeking modification of the award of prejudgment interest.[1] After careful review of the record, reading the parties' briefs, and after hearing oral argument, we affirm and remand the district court's judgment.

## I. BACKGROUND

These cases arise from a multi-million dollar contract dispute over the construction of the Royal Palms Crowne Plaza Resort ("Resort") on Miami Beach. In May 1998, RDP, the developer and hotel owner, entered into a contract with Clark, the general contractor, for the construction of the Resort. Arquitectonica International, Inc. ("ARQ"), the lead architect, was designated as RDP's authorized agent in the contract and was required to prepare design development and construction documents. According to the contract, Clark agreed to construct the Resort for an amount not to exceed a Guaranteed Maximum Price ("GMP") of approximately $30.4 million. The deadline for substantial completion of the Resort was 518 days from the date of commencement. RDP was permitted to require additional work from Clark within the general scope of the contract by

[1]Although these appeals have not been formally consolidated, for good cause shown, we *sua sponte* consolidate them.

4

issuing a change order or construction change directive. Under the contract, the GMP and substantial completion deadline were to be adjusted accordingly in light of change orders and construction change directives. Additionally, in the event that Clark failed to complete its work on or before the substantial completion date, RDP had a right to recover liquidated damages.

On September 28, 1998, RDP issued a formal notice to proceed to Clark, establishing the date for substantial completion as February 28, 2000. Clark commenced work but faced many setbacks during the construction. For example, Clark discovered a buried sea wall and contaminated soil which delayed excavation and sheet piling operations; RDP determined that the existing hotel, which was scheduled to be renovated, was too deteriorated for renovation and had to be demolished and reconstructed in its entirety; and dilemmas developed from the construction drawings. Consequently, hundreds of change orders and construction change directives were issued by RDP and ARQ, requiring Clark and its subcontractors to perform additional and different work from that shown on the contract construction documents.

Faced with the construction changes, Clark requested numerous extensions of the substantial completion deadline and increases to the GMP. RDP repeatedly assured Clark that the substantial completion deadline would be extended appropriately. Despite these assurances, RDP and Clark never resolved the

5

extension requests, increased the GMP nor established a new substantial completion deadline.

Eventually, the substantial completion deadline of February 28, 2000, passed and construction continued. RDP and ARQ uninterruptedly issued hundreds of change orders and construction change directives. In turn, Clark continued to construct the Resort in accordance with those modifications, and RDP accepted Clark's continued performance. However, the constant construction modifications disrupted Clark's construction schedule, resulting in coordination problems with various subcontractors, further delays to construction, and increased construction costs. Consequently, on March 1, 2002, Clark filed a mechanic's lien in the amount of $8 million for work performed by four subcontractors.

On March 12, 2002, RDP received a temporary certificate of occupancy, allowing RDP to staff and occupy the Resort in preparation for the opening. Around this time, Clark ceased its work on the Resort because RDP discontinued paying Clark for work completed in the change orders. In turn, RDP hired another contractor to complete the Resort and ultimately opened the Resort for business on May 15, 2002.

In July 2001, RDP sued Clark for breach of contract, intentional misrepresentation/fraud in the inducement, negligent misrepresentation, violation

6

of the Florida Deceptive and Unfair Trade Practices Act, fraudulent and wrongful

lien, and tortious interference with a contract. RDP asserted that Clark caused the

two year delay in the Resort's completion date. Clark filed a counterclaim against

RDP for fraudulent inducement, *quantum meruit* and breach of contract, alleging

that RDP caused the delay by providing incomplete and erroneous construction

drawings and submitting numerous design changes. Clark also filed a third-party

complaint presenting pass-through claims of three subcontractors for damages

caused by RDP's breach of contract and construction delays. In another third-

party complaint, Clark sued ARQ and Cornerstone Engineering ("Cornerstone"),

ARQ's structural engineering consultant, for negligence, indemnity and

contribution.

Following a bench trial, the district court[2] entered detailed findings of fact

and conclusions of law denying all of RDP's claims against Clark.[3] The district

court found that RDP failed to establish a breach of the contract based on untimely

performance because it waived the February 28, 2000, substantial completion date

by accepting Clark's continued performance. The district court also found that, in

---

[2]The parties consented to the jurisdiction of the United States Magistrate Judge for all purposes including trial and entry of final judgment pursuant to 28 U.S.C. § 636(c).

[3]Prior to trial, the district court dismissed most of RDP's claims; only the breach of contract and fraudulent lien claims survived. On appeal, RDP does not challenge the district court's dismissal of those claims, and therefore, it has abandoned any argument on those claims. *See, e.g., Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

the absence of a contractual completion date, RDP was not entitled to recover any damages, liquidated or otherwise, from Clark and failed to prove that Clark's lien was fraudulent. In relation to Clark's counterclaim, the district court found that Clark waived any breach of the contract resulting from the construction drawings, but was entitled to fair and reasonable payment for the construction work completed. The district court awarded Clark the contract balance, damages for the pending change orders, additional general conditions costs, and a 3.75% mark-up on those costs. Notwithstanding these awards, the court denied Clark's requests for extended general conditions costs and extended home office overhead. Moreover, the district court found that Clark was entitled to reasonable subcontractor costs for its pass-through claims against RDP. Further, the district court dismissed Clark's third-party claims against ARQ and Cornerstone.

On August 4, 2004, the district court entered a final judgment denying RDP's claims against Clark in their entirety, denying Clark's claims against ARQ and Cornerstone in their entirety, granting Clark's claims against RDP in the amount of $5.5 million, and granting Clark's pass-through claims against RDP in the amount of $5.9 million.[4] Having reserved jurisdiction for the purpose of awarding interest, attorney's fees, and expenses, the district court subsequently

---

[4]RDP appealed, and Clark cross-appealed, the final judgment. This court dismissed that appeal because the final judgment was not a final appealable order.

8

entered an order on November 4, 2004, awarding Clark and its subcontractors over $2.4 million in attorney's fees and $1.5 million in costs and expenses. On November 17, 2004, the district court issued a supplemental judgment awarding Clark a total judgment of approximately $16.7 million with postjudgment interest.

In case number 04-16203, RDP and Clark pursue their respective appeal and cross-appeal of the supplemental judgment. Clark moved for relief from the supplemental judgment under Fed. R. Civ. P. 60(b), seeking modification of the prejudgment interest award. The district court denied Clark's Rule 60(b) motion, and, in case number 05-11713, Clark appeals that denial.

## II.  DISCUSSION

RDP challenges the district court's findings of fact and conclusions of law, contending that the district court erred in finding that (1) RDP waived its right to liquidated damages; (2) RDP was liable to Clark on the pass-through claims; and, (3) Clark was entitled to recover from RDP an excessive amount of damages. RDP also challenges the district court's order on attorney's fees, costs, and litigation expenses. On cross-appeal, Clark challenges the district court's findings of fact and conclusions of law, arguing that the district court erroneously failed to award damages for extended general conditions costs. In the second appeal, Clark challenges the district court's order denying its Rule 60(b) motion to modify the prejudgment interest award. We address these issues in turn.

9

**A.** **Liability and Damages**

RDP argues that the district court erroneously found that RDP waived its claim for liquidated damages and asserts that Clark should be held liable for the delays caused by its subcontractors. RDP also argues that the district court erred in awarding Clark and its subcontractors excessive amounts of damages by failing to apportion responsibility for the total delay. RDP further argues that, in calculating damages, the district court failed to apply the contract's provision allowing Clark to recover delay-related damages for reasonable subcontractor costs attributable to RDP more than thirty days after the contractual date for substantial completion. Finally, RDP argues that the district court's finding as to the substantial completion date is incorrect, resulting in an erroneous calculation of prejudgment interest.

We review *de novo* the district court's conclusions of law and its application of the law to the facts. *Merrill Stevens Dry Dock Co. v. M/V Yeocomico II*, 329 F.3d 809, 813 (11th Cir. 2003). However, "[w]e review the district court's factual findings for clear error." *Commodity Futures Trading Comm'n v. Sidoti*, 178 F.3d 1132, 1135 (11th Cir. 1999). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, we must uphold the factual findings even if we would have weighed the evidence differently." *Id.* (internal

quotations and citation omitted).  "The district court's findings need only be plausible."  *Id.*  (internal quotations and citation omitted).

After reviewing the record, we conclude that the district court was correct in its conclusion that RDP waived its right to enforce the substantial completion date and "time is of the essence" provision of the contract.  According to the record, RDP allowed the substantial completion date of February 28, 2000, to pass without setting a new deadline and continued issuing change orders and construction change directives requiring Clark to perform additional work.  [R. Vol. 22 at 128.]  RDP's conduct in issuing hundreds of change orders and construction change directives after expiration of the substantial completion date of February 28, 2000, constituted waiver of the "time is of the essence" provision of the contract.  *See Horovitz v. Levine,* 755 So. 2d 687, 688 (Fla. Dist. Ct. App. 1999) (purported "time is of the essence" proviso in the agreement was waived by the conduct of the parties subsequent to the agreed upon date of completion).  In addition, RDP failed to set a new substantial completion date, thus it failed to reserve its right to enforce the liquidated damages provision for any date after February 28, 2000.  *See McNeal v. Marco Bay Assocs.,* 492 So.2d 778, 781 (Fla. Dist. Ct. App. 1986) ("When time has not been made essential to the contract or has been waived, the party entitled to insist on performance must fix a definite

11

date in the future for performance . . . .").  Accordingly, we agree with the district court's conclusion that RDP waived its right to liquidated damages.

In addition, the district court did not err in holding RDP liable for Clark's pass-through claims and awarding damages.  The record shows that some delays were caused by Clark's subcontractors, but those delays did not substantially postpone the eventual completion of the Resort.  Rather, the substantial delays which severely impacted the Resort's construction (i.e., contaminated soil, incomplete and inaccurate construction documents, multiple design changes by RDP, and delays in plan approvals) were all attributable to RDP and not the fault of Clark's subcontractors.  Although RDP asserts that the district court erroneously failed to apportion the total delay among the contributing parties, we find no error because RDP has not established a reasonable basis for such apportionment nor shown that apportionment was required.  *See Gesco, Inc. v. Edward L. Nezelek, Inc.,* 414 So. 2d 535, 538 (Fla. Dist. Ct. App. 1982) (evidence must establish a reasonable basis for apportioning responsibility for the total delay); *Tuttle/White Constructors, Inc. v. Montgomery Elevator Co.*, 385 So.2d 98, 100 (Fla. Dist. Ct. App. 1980) (loss resulting from breach of contract need not be segregated proportionately among the contributing factors causing the injury).

Further, since the district court's factual findings relating to the substantial completion date of March 12, 2002, and thirty-day damages grace period are plausible, we affirm the court's findings. *See Sidoti*, 178 F.3d at 1135.

## B.    Attorney's Fees, Costs, and Expenses

RDP argues that the district court erred in computing and awarding attorney's fees, costs, and litigation expenses. We review a district court's award of attorney's fees and costs for abuse of discretion. *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001). In this case, we find no basis for concluding that the district court abused its discretion. First, there was no error in relation to the attorney's fees for the subcontractors's claims against ARQ and Cornerstone because the subcontractors did not allege any claims against ARQ and Cornerstone. Clark brought its fraud and negligence claims against ARQ and Cornerstone solely on its own behalf, not as pass-through claims. [R. Vol. 3, Tab 99.] Second, there was no error in the award of fees pertaining to the law firm of Jenkins & Gilchrist. Although Jenkins & Gilchrist discounted its hourly rates, the district court found that the usual billing rate was reasonable and approved that rate absent any discount. Accordingly, the district court did not abuse its discretion in its award of attorney's fees, costs, and litigation expenses.

Notwithstanding, the above discussion, both parties agree that the district court erred in its computation of the award of attorney's fees, costs, and litigation

13

expenses. Specifically, the parties agree to the following errors: (1) a "double counting" error of $58,954.14 in costs on the pass-through claim of subcontractor McHugh Concrete Construction; and (2) an oversight of $20,239.69 in the attorney's fee award for the pass-through claim of subcontractor Talmac, Inc. Because the parties agree to these errors, this court remands the judgment to the district court for the ministerial act of correcting these clerical mistakes. *See* Fed. R. Civ. P. 60(a).

## C.    Extended General Conditions Costs

On cross-appeal, Clark argues that the district court erred in denying its request for extended general conditions costs because the evidence as to that issue was sufficient as a matter of law. We review the "district court's account of the evidence under a clear error standard, and must affirm the district court's determination so long as it is plausible in light of the record viewed in its entirety." *See Merrill Stevens*, 329 F.3d at 816 (internal quotations and citation omitted). Our review of the record indicates that the district court's finding of insufficient evidence is plausible. Thus, we affirm the denial of extended general conditions costs.

## D.    Rule 60(b) Motion

In the second appeal, Clark seeks reversal of the district court's order denying its Rule 60(b) motion to modify the prejudgment interest award, arguing

14

that the district court improperly used the final judgment date of August 4, 2004, rather than the supplemental judgment date of November 17, 2004, in calculating the award.

"An appeal of a ruling on a Rule 60(b) motion . . . is narrow in scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review." *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.,* 198 F.3d 1332, 1338 (11th Cir. 1999). "Because of this limitation, the law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal." *Id.*; *see also Jackson v. Seaboard Coast Line R.R. Co.,* 678 F.2d 992, 1021 (11th Cir. 1982) ("[A]n appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review . . . . An appellant may attack the underlying judgment only on direct appeal from the judgment itself.") (internal quotations and citations omitted). Moreover, a district court's order under Rule 60(b) is reviewable only for abuse of discretion. *Am. Bankers Ins*., 198 F.3d at 1338.

We conclude from the record that the district court did not abuse its discretion. Clark cross-appealed the supplemental judgment, but did not raise the prejudgment interest issue in its briefs. Given that the district court decided this issue in the supplemental judgment, Clark cannot now raise the issue in a subsequent appeal from the district court's denial of relief under Rule 60(b). *See*

15

*Am. Bankers,* 198 F.3d at 1338. Therefore, Clark's challenge to the district court's prejudgment interest calculation is untimely and insufficient to establish an abuse of discretion.

### III. CONCLUSION

For the foregoing reasons, we affirm the district court's judgment but remand the case for the district court to correct the clerical mistakes pointed out in this opinion.[5]

**AFFIRMED.**

---

[5]We also DENY the Motion for Review of District Court Orders Requiring Appeal Bond.