[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13484
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00924-LSC-JHE


WILLIAM CHRISTOPHER LEWIS,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee,

FEDERAL BUREAU OF PRISONS, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 29, 2015)

Before HULL, WILLIAM PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

William Lewis, a federal prisoner proceeding pro se, appeals the district court's dismissal of his suit against the government under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674.[1]  Lewis alleged that he slipped and fell down a flight of stairs while returning from the showers with his hands handcuffed behind his back, and that Officer Jason Locker was negligent in failing to secure him with both hands while escorting him.  The district court held that the FTCA's discretionary function exception applied to Officer Locker's conduct, and thus that it lacked subject-matter jurisdiction.  After careful review of the record and the parties' briefs, we affirm the district court's dismissal order.

## I.  BACKGROUND

### A.    August 2011 Incident

On August 30, 2011, plaintiff Lewis was being escorted to his cell in the Special Housing Unit of the Federal Correctional Institution in Talladega, Alabama ("FCI Talladega") by Officer Jason Locker.  Lewis was being returned to his cell

---

[1]Lewis's complaint also named the Federal Bureau of Prisons, Warden John Rathman, and Officer Jason Locker as defendants, but the district court dismissed those parties as defendants following a sua sponte screening of Lewis's complaint prior to service, pursuant to 28 U.S.C. § 1915A.  In his brief, Lewis does not challenge that dismissal, and he has therefore abandoned any argument in that respect.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (noting that while we read pro se briefs liberally, arguments not raised in a pro se brief are considered abandoned).

from the shower room, where he had just showered.  Following FCI Talladega policy, Lewis was handcuffed from behind and Officer Locker was holding his handcuffs while escorting him.

While walking down a set of stairs, Officer Locker was holding Lewis's handcuffs as well as Lewis's right arm.  Despite this, Lewis slipped on the stairs, falling.  Though Officer Locker tried to catch him, Lewis's weight (about 190 pounds) and the speed of the fall prevented him from doing so.  While plaintiff Lewis claims that the floor and stairs were wet due to other inmates returning from the shower, Officer Locker states that neither the floor nor the stairs were wet, but that plaintiff Lewis's shower shoes were wet, likely causing plaintiff Lewis to slip on the stairs.

Officer Locker immediately helped Lewis up and asked him if he was alright.  Lewis responded that he was fine and initially refused a medical assessment.  Officer Locker contacted medical staff regardless, and they performed a medical assessment, revealing no injury at that time.  Plaintiff Lewis underwent subsequent medical assessments on August 31, September 22, and September 29, 2011.  At these appointments, he complained first of pain and numbness in his left arm and then of neck and shoulder pain as well as nerve damage.

On September 29, 2011, plaintiff Lewis filed an administrative tort claim, as required by the FTCA, for damages stemming from this incident.  On November 25, 2011, that administrative claim was denied.

## B.    District Court Proceedings

On March 13, 2012, plaintiff Lewis filed this action in the United States District Court for the Northern District of Alabama.  The complaint alleged that Officer Locker improperly escorted plaintiff Lewis because he did not secure him with both hands.  The complaint sought a jury trial and "no less tha[n] $35,000" in damages.

On October 28, 2013, the government moved to dismiss the complaint or, in the alternative, for summary judgment.  The government argued that the case should be dismissed based on the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a), and because Lewis stated no actionable negligence case under Alabama law.

Pertaining to the discretionary function exception, the government cited the relevant, written policy for correctional officers working at the Special Housing Unit at FCI Talladega.  The relevant language stated: "[i]nmates will be escorted by an officer, with the officer holding the inmate's handcuffs, when escorting the individual to the shower, law library, callouts, etc."  The government also introduced a declaration from a supervisory officer at FCI Talladega stating that

4

this policy means that the officer should escort the inmate by holding the inmate's handcuffs, but is not required to put his hand(s) on or hold the inmate's arm during an escort.

On November 15, 2013, Lewis opposed the motion to dismiss. At that time he filed no evidence other than a medical report.

On July 10, 2014, the district court dismissed plaintiff Lewis's complaint, holding that the discretionary function exception to the FTCA applied and the district court thus lacked the requisite subject-matter jurisdiction.

Lewis timely appealed.

## II. STANDARD OF REVIEW

On appeal from a dismissal for lack of subject-matter jurisdiction, we review the district court's legal conclusions de novo and its factual findings for clear error. See Zinni v. ER Solutions, Inc., 692 F.3d 1162, 1166 (11th Cir. 2012). The district court's factual determination must be affirmed "so long as it is plausible in light of the record viewed in its entirety." Merrill Stevens Dry Dock Co. v. M/V YEOCOMICO II, 329 F.3d 809, 816 (11th Cir. 2003) (quotation marks omitted). When asserting the factual challenge that the discretionary function exception does not apply, the plaintiff has the burden to prove jurisdiction. OSI, Inc. v. United States, 285 F.3d 947, 951 (11th Cir. 2002).

5

### III.  DISCUSSION

The FTCA waives the government's sovereign immunity from tort suits for the negligent or wrongful acts or omissions of government employees acting within the scope of their employment.  See 28 U.S.C. § 1346(b)(1); Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994).  But the discretionary function exception to the FTCA precludes government liability for any claims based upon "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee of the Government." 28 U.S.C. § 2680(a).  If the discretionary function exception applies to a claim, the claim must be dismissed for lack of subject-matter jurisdiction.  Cohen v. United States, 151 F.3d 1338, 1340 (11th Cir. 1998).

### A.    Discretionary Function Exception

This Court employs a two-part test to determine whether the discretionary function exception applies.  Id. at 1341.  First, we consider the nature of the conduct at issue and determine whether it "involves an element of judgment or choice."  Id. (quotation omitted).  If a statute, regulation, or policy specifically prescribes a course of action for an employee to follow, the conduct does not involve an element of judgment or choice because the employee has no choice but to carry out the directive.  Id.

6

Second, if the challenged conduct does involve an element of judgment or choice, we then must determine whether that judgment or choice is grounded in public policy considerations. Id. The exception "prevent[s] judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy." Id. (quotation omitted).

If a regulation allows government employees to exercise discretion, there is a "strong presumption" that discretionary acts authorized by the regulation are grounded in policy. United States v. Gaubert, 499 U.S. 315, 324, 111 S. Ct. 1267, 1274 (1991). To survive a motion to dismiss, an FTCA plaintiff's complaint must allege facts that would support a determination that the challenged actions are not the type of conduct that could be said to be grounded in the policy of the regulatory regime. Id. at 324-25, 111 S. Ct. at 1274-75. This Court looks to the nature of the actions taken and whether they are susceptible to policy analysis, not to whether the employee actually weighed policy considerations before acting. Cohen, 151 F.3d at 1341.

The Bureau of Prisons ("BOP") owes a duty to provide for the safekeeping and care of federal prisoners. 18 U.S.C. § 4042(a)(2). The BOP, however, retains sufficient discretion in the means used to fulfill that duty, triggering the discretionary function exception. Cohen, 151 F.3d at 1342. The mere fact that a government official performs an action at the operational level, as opposed to the

7

planning level, does not remove that official's action from the discretionary function exception for purposes of suits under the FTCA.  Id.

## B.    Lewis's Complaint

Here, in his sworn complaint, Lewis alleged that Officer Locker breached a duty of care by not securing him with two hands as they descended the stairs following Lewis's shower.  The relevant prison policy here did not require Locker to secure prisoners with both hands while escorting them from the showers.  It required only that Officer Locker hold on to Lewis's handcuffs, which policy Officer Locker adhered to.  Beyond the requirement to hold on to Lewis's handcuffs, Officer Locker had discretion as to the best way to secure Lewis while escorting him from the showers.  The district court thus correctly concluded that the first prong of the discretionary function test was satisfied.  See id. at 1341-42.

As to the second prong of the discretionary function analysis, both § 4042(a)(2) and the relevant prison policy left room for discretion as to the best way to ensure inmate safety, so there is a "strong presumption" that Officer Locker's actions were grounded in policy.  Gaubert, 499 U.S. at 324, 111 S. Ct. at 1274.  The fact that Officer Locker was exercising his discretion at the operational level, as opposed to the planning level, does not remove his action from the discretionary function exception.  See Cohen, 151 F.3d at 1342.  Lewis's complaint did not allege facts supporting a determination that Officer Locker's

8

actions were not grounded in the policy of the relevant regulatory regime, see

Gaubert, 499 U.S. at 324-25, 111 S.Ct. at 1274-75, and the district court correctly

dismissed Lewis's complaint without prejudice for lack of subject-matter

jurisdiction.[2]

### III.  CONCLUSION

For the foregoing reasons, we affirm the district court's order dismissing the

case for lack of subject-matter jurisdiction.

**AFFIRMED.**

---

[2]The district court also determined that, even if subject-matter jurisdiction existed, summary judgment was warranted as to Lewis's negligence claim.  Lewis challenges that determination on appeal, but we need not reach that issue given the lack of subject-matter jurisdiction over the claim.