175 So.2d 780 (1965)
HARVEY BUILDING, INC., Petitioner,
v.
Ocie M. HALEY, Respondent.
No. 33879.
Supreme Court of Florida.
June 2, 1965.
*781 Kirk Sullivan, West Palm Beach, for petitioner.
Earnest, Pruitt & Schulle, West Palm Beach, for respondent.
THORNAL, Justice.
By petition for a writ of certiorari we have for review a decision of the District Court of Appeal, Second District, which is allegedly in conflict with a decision of another District Court of Appeal on the same point of law.
We must consider primarily the extent of the evidentiary showing required of a movant for a summary judgment.
Respondent Haley, a business invitee, entered petitioner Harvey's office building during a rain. A rubber mat extended from the entrance toward the elevators. The floor itself was tile or marble. Respondent Haley slipped and fell as she stepped off the rubber mat onto the marble floor. Mrs. Haley sued Harvey, Inc., for ensuing injuries. She alleged negligent failure to keep the premises in a reasonably safe condition by allowing a foreign substance to remain on the marble floor. Harvey, the building owner, moved for a summary judgment, claiming no genuine issue as to any material fact. The trial judge granted the motion and entered final judgment for the defendant. The Court of Appeal, Second District, reversed. *782 Haley v. Harvey Building, Inc., 168 So.2d 330. It is this decision which we now have for review.
To support its motion for a summary judgment the building owner, Harvey, offered a deposition of plaintiff Haley. By her deposition Mrs. Haley appeared to concede that she was not certain as to the exact cause of her fall. She did, however, attribute it to a "slick floor". She didn't know what made the floor slick, didn't remember water on the floor, nor did she know how long the floor had been slick.
In opposition to the summary judgment motion Mrs. Haley offered affidavits of a Phillips Clarke and a Mrs. Eunice Taylor. Clarke stated that at the time of the accident, about 9:30 A.M., he was in the lobby of the Harvey Building; he "heard a commotion and turned and saw Mrs. Ocie Haley on the floor." He stated that, "the floor was of marble construction and was wet, causing it to be slippery." Mrs. Taylor, by affidavit, stated that at about 9:00 A.M. on the morning of the accident, as she entered the Harvey Building she slipped and almost fell, "and that the floor was wet and slippery."
The District Court correctly stated the responsibility of the building owner as related to dangerous floor conditions. It properly ruled that in order to hold an owner liable it must be shown that he knew or by the exercise of reasonable diligence should have known of the existence of the dangerous condition. The existence of express or implied knowledge is usually a problem for the jury to resolve. Food Fair Stores of Fla., Inc. v. Patty, Fla., 109 So.2d 5; Carl's Markets, Inc. v. Meyer, Fla., 69 So.2d 789.
However, in reversing the summary judgment, the District Court held that "a motion for summary judgment should not be granted if it could be inferred from the evidence that the plaintiff could prove at trial that the defendant was negligent." (Emphasis added.)
By the petition for certiorari it is contended that the quoted holding collides directly with the decision of the Court of Appeal, Third District, in Hardcastle v. Mobley, Fla.App., 143 So.2d 715.
In Hardcastle the losing party in a summary judgment contended that he "was entitled to an inference that he had other evidence which could be presented." The Third District Court decided otherwise in holding that "the party moved against by summary judgment * * * must come forward with facts contradicting those submitted by the movant and demonstrating a real issue between the parties." Pritchard v. Peppercorn and Peppercorn, Inc., Fla., 96 So.2d 769.
Obviously the Second and Third District Courts are in conflict on the point stated regarding the alleged burden of a movant to exclude every possible inference that the opposing party might have other evidence available to prove his case. We agree with Hardcastle that such a requirement is not a part of the burden imposed upon a summary judgment movant.
Having noted the jurisdictional conflict of decisions we now proceed to the merits. Pinkerton-Hays Lumber Company, Inc., v. Pope, Fla., 127 So.2d 441.
A movant for a summary judgment has the burden of demonstrating that there is no genuine issue on any material fact. Rule 1.36(c), F.R.C.P., 30 F.S.A. All doubts regarding the existence of an issue are resolved against the movant, and the evidence presented at the hearing plus favorable inferences reasonably justified thereby are liberally construed in favor of the opponent. A summary judgment motion will be defeated if the evidence by affidavit or otherwise demonstrates the existence of a material factual issue. To defeat a motion which is supported by evidence which reveals no genuine issue, it is not sufficient for the opposing party merely to assert that an issue does exist. If the moving party presents evidence to support *783 the claimed non-existence of a material issue, he will be entitled to a summary judgment unless the opposing party comes forward with some evidence which will change the result  that is, evidence sufficient to generate an issue on a material fact. Connolly v. Sebeco, Inc., Fla., 89 So.2d 482; Barron and Holtzoff, Federal Practice and Procedure (Wright Edition), Vol. 3, Section 1235. When analyzed in this fashion the summary judgment motion may be categorized as a "pre-trial motion for a directed verdict." At least it has most of the attributes of a directed verdict motion. Locke v. Stuart, Fla.App., 113 So.2d 402.
The initial burden, therefore, is upon the movant. When he tenders evidence sufficient to support his motion, then the opposing party must come forward with counter-evidence sufficient to reveal a genuine issue. The movant, however, does not initially carry the burden of exhausting the evidence pro and con, or even examining all of his opponent's witnesses. To fulfill his burden he must offer sufficient admissible evidence to support his claim of the non-existence of a genuine issue. If he fails to do this his motion is lost. If he succeeds, then the opposing party must demonstrate the existence of such an issue either by countervailing facts or justifiable inferences from the facts presented. If he fails in this, he must suffer a summary judgment against him.
In the decision under review, we have concluded that the District Court reached a sound judgment but for reasons other than those which it announced. The deposition and affidavits, when accorded the benefit of all favorable inferences, appear sufficient to generate trial issues on the question of negligence. We do not here explore the problem of manifest weight of evidence which could develop at the trial. This would involve an evaluation and credibility process which is not an aspect of the summary judgment procedure. Moore's Federal Practice, Section 56.23, p. 2341.
Because of the conflict we have mentioned, the decision of the District Court is modified to harmonize with the views herein expressed and on remand the trial judge will be governed accordingly. Since, however, it is unnecessary to disturb the judgment of the District Court the writ heretofore issued is hereby discharged.
It is so ordered.
DREW, C.J., and THOMAS, ROBERTS and O'CONNELL, JJ., concur.