HENDRY, Chief Judge.
This is an appeal of a summary final judgment in favor of the defendants in a negligence action.
A husband and wife sued the defendants, a supermarket and a soda bottler, for injuries incurred by the wife while she was shopping in the supermarket. The complaint alleged, inter alia, that due to improper stacking or negligent design of the containers, several bottles of soda toppled from the soda display in the supermarket resulting in the wife being cut by flying glass.
At the hearing on defendants’ motions for summary judgment the trial judge considered the pleadings and answers to interrogatories.
*750 In our view there was no evidence considered by the court which either established or negated the existence of genuine issues and for that reason the entry of summary judgment was improper.
Under the authority of Harvey Building, Inc. v. Haley, Fla.1965, 175 So.2d 780, the initial burden is upon the movant to demonstrate the non-existence of a genuine issue of material fact. To fulfill this burden he must offer sufficient admissible evidence to support his motion. In essence, we take this to mean that a movant, by simply moving for a summary judgment, does not create an “I move — you prove” situation. There is no duty on the party moved against to demonstrate the existence of a genuine issue until after the movant has satisfied his initial burden. Harvey Building, Inc. v. Haley, supra.
As to how far a party moving for summary judgment must.come forward with proofs in support of his motion is a question we do not reach in this case except to say defendants fell far short of that which is required.
The appellee-soda bottler has relied heavily on the case of Food Fair Stores of Florida, Inc. v. Patty, Fla.1959, 109 So.2d 5. Such reliance is misplaced. In the Patty case a showing was made that plaintiffs were without proofs to sustain their complaint. In the case sub judice no such showing was made by the skeletal record before the court. Holl v. Talcott, Fla.App.1965, 171 So.2d 412, is not here controlling because from a reading of that opinion it is not made to appear what proofs were offered by the movant as the court there was concerned with the countervailing proofs offered by the party moved against. Hardcastle v. Mobley, Fla.App. 1962, 143 So.2d 715, offers no comfort to appellees since, in that case, this court held in essence that defendant had in fact sufficiently demonstrated lack of the existence of -a genuine issue which was not sufficiently controverted by the plaintiff’s proofs.
At best, appellee’s proofs herein demonstrated that they themselves were without knowledge of the events leading up to the plaintiff’s injury. That is not enough to authorize summary judgment.
This cause is reversed and remanded for further proceedings not inconsistent herewith.
Reversed and remanded.