SWANN, Judge.
The plaintiffs, Linda Lou Hix, a minor, by and through her father and next friend, William C. Hix, and William C. Hix, individually, appeal from an order granting a summary judgment of dismissal for one of the defendants, Dolores Dossey.
The plaintiffs sued the defendant, Dolores Dossey, and others, alleging that the minor plaintiff rented a horse to ride from the defendant, Dolores Dossey, and another defendant, “Sunny” Dossey. It was claimed that the horse was of a mean, vicious and uncontrollable nature, which was known to, *208 or should have been known to, the defendants, and as a result of the incompetent and inexperienced guide and lack of supervision, the horse became violent, causing severe injuries to the minor plaintiff when she fell to the ground.
The complaint further alleged that the defendants owned and operated the horseback riding business as a joint business venture. The defendant, Dolores Dossey’s, answer denied that she was the owner and operator of the business. Interrogatories were submitted to the defendant, Dolores Dossey, and by her sworn answers she asserted that the business was operated as an individual proprietorship by the defendant, “Sunny” Dossey. A motion for summary judgment was sought by Dolores Dossey, on the grounds that there was no genuine issue of material fact.
In opposition thereto, an affidavit was filed by the minor plaintiff, Linda Lou Hix, which asserted, essentially, that it was well known in the neighborhood that a horseback riding business was conducted at the location and that people would go there to rent horses from the Dosseys, who operated the business. The affiant claimed that she paid the money for the rental to Dolores Dossey, and told her that she wanted a gentle horse to ride, and that Dolores Dos-sey selected the horse and advised the af-fiant that the horse was gentle and easy to manage and ride, and that two guide leaders would be furnished to accompany her on the ride. It was further stated that the defendant, Dolores Dossey, was the only adult there, was the one in charge of the business, and gave instructions to the other workers around there.
The plaintiffs, in further opposition to Dolores Dossey’s motion for summary judgment, filed a true copy of an application for rezoning of the property on which the horseback riding business was located, indicating that the applicants for the zoning change were the defendants, Dossey, and that they were the owners of the property in question.
The court granted the motion for summary judgment and entered an order of summary judgment on October 7, 1965 for the defendant, Dolores Dossey. The plaintiffs have appealed from the entry of that order.
The plaintiffs contend that the trial court erred in granting the summary judgment because it had considered Dolores Dossey’s answers to the plaintiffs’ interrogatories, in which she had sworn that she was not an owner of the business. The plaintiffs assert that the trial judge did not have authority to consider answers to* interrogatories under Rule 1.36 of the Florida Rules of Civil Procedure, 30 F.S.A.,. as it existed at that time, because there was no provision therein for considering sworn answers to interrogatories on a motion for summary judgment. They assert that this must be so, because on January 1, 1966 the rule was changed, and amended, to include answers to interrogatories among those matters which might be considered on a motion for summary judgment.
It is not necessary to rule on this point,, for it appears that there was a genuine issue of material fact to be decided in this cause, created by the opposing affidavits and evidence of the plaintiff. The affidavits filed by the plaintiffs created a factual dispute as to the ownership of the business. The record shows that the date of the application for re-zoning was May 6, 1965,. and that it was filed subsequent to the date of the injury to plaintiff on April 15,. 1965. The application stated that the land on which the business venture was located was owned by Mr. and Mrs. Cater “Sunny”' Dossey, and that they wanted a change in* the zoning requirements to permit the keeping of horses at that business location on* the date the application was submitted.
The initial burden is upon the movant to demonstrate the non-existence of the genuine issue of material fact. There is no duty on the party moved against to demonstrate the existence of genuine issue until after the movant has satisfied his- *209 initial burden. Doroff v. Food Fair Stores, Miami Beach, Inc., Fla.App.1965, 177 So. 2d 749; Harvey Building, Inc. v. Haley, Fla.1965, 175 So.2d 780. The law is clear that where there is a genuine issue of a material fact, a summary judgment should not be entered, and here, the record failed to clearly establish that the defendant, Dolores Dossey, did not have some right, title or interest in the business.
This opinion is not to be construed as holding that she did, or did not, have an interest in the ownership or operation of the business. There is a sufficient factual dispute on this question to preclude a summary judgment.
We therefore reverse the decision of the trial court and remand this matter for further consideration in accordance herewith.
It is so ordered.