SMITH, Chief Judge
(dissenting).
I am compelled to dissent from the conclusion reached by the majority. I construe the agreement and the option to purchase contained in the single instrument as providing that, if the sellers failed to complete the improvements on the first 46 lots sold within the time provided, then the first option period granted to the purchaser is extended to one year after completion of the improvements. The trial court and the *24 majority of this court construe the agreement in a different way. Under these circumstances I would hold that the instrument is ambiguous and of uncertain meaning in that it may fairly be understood in more ways than one. By so concluding it necessarily follows that the issue should not have been resolved on summary judgment; but, to the contrary, the instrument should have been interpreted by the court after hearing the testimony of the parties. See Atlas Sewing Center, Inc. v. Belk’s Department Store, Fla.App.1964, 162 So.2d 274; Harvey Building, Inc. v. Haley, Fla.1965, 175 So.2d 780; and Continental Casualty Co. v. Borthwick, Fla.App.1965, 177 So.2d 687.