PEARSON, Judge.
The appellant, plaintiff below, fell and struck the rear of his head on the kitchen floor' tvhile‘Working at home. It was alleged that appellant lost the sight of both eyes as a result of this fall. At the time of the accident, appellant was insured by the appellee under a group policy which provided for payment of $3,000 for the loss of sight of both eyes due to accident. Appellant filed a suit against the appellee upon the policy and suffered a summary final judgment from which this appeal is taken.
Appellee suggests two bases for the summary judgment. First, that there is no genuine issue as to the fact that plaintiff’s pre-existing diabetic condition was the cause, or át least the partial cause, of the loss of sight. Secondly, that the policy requires written notice of injury within 20 days and written proof of claim within 90 days, and failure to comply with the notice requirements defeats the right to benefits.
The proofs before the trial court on the motion of the appellee for summary judgment upon the issue of the cause for the loss of sight consists of a deposition of one doctor and an affidavit of another doctor. Each of these doctors treated the appellant and, in fact, are members of the same clinic. The deposition and affidavit, while not diametrically opposed, are susceptible of interpretations which present a conflict on the essential fact of whether appellant’s visual loss was a direct result of the accident. We think that under the rules announced by the Supreme Court of Florida in Holl v. Talcott, Fla. 1966, 191 So.2d 40 and subsequent cases, a summary final judgment may not be entered on this issue.
*222 We have examined the proofs as to the defense of failure to give notice of the accident and find that this defense is not conclusively established in the record. See Harvey Building, Inc. v. Haley, Fla. 1965, 175 So.2d 780.
Reversed.