SHEPHERD, J.
The issue on this appeal is whether a concededly authentic document, purporting to be a transcription by an unidentified employee of the Federal Bureau of Investigation (FBI), of a summary dictated by an unidentified representative of the FBI, of an interview conducted either by that individual or another, is admissible in evidence under the public records exception to the hearsay rule codified in section 90.803(8) of the Florida Statutes (2008). In the balance lies the validity of an adverse summary final judgment suffered by Appellant, the plaintiff in a defamation action filed by him against his former employer, the Wackenhut Corporation, for allegedly falsely maligning him to his prospective employer, the FBI. The trial court held this dispositive piece of evidence was inadmissible. We affirm the decision of the trial court.
The appellant, Tony Arce, resigned from his job with the Wackenhut Corporation on July 22, 2003, four and a half months after being hired. For his first month on the job, Arce was a Metrorail security guard. He then was brought into the office to do background investigations on potential Wackenhut hires. He claims he resigned because he could not abide by what he considered a general lack of quality in the manner in which Wackenhut operated its business. Wackenhut maintains Arce’s job performance was substandard. Arce’s employment file reflects he was not eligible for rehire.
On March 1, 2004, Arce applied for a position as an investigative specialist with the FBI. The following month he received a “Conditional Job Offer,” contingent, inter alia, upon a full background investigation. On June 15, 2004, the FBI mailed a letter to Arce withdrawing its conditional offer. The letter reads in part:
In reaching our decision, information from a variety of sources was considered. These sources include your application for employment, comments obtained during the background investigation, and results of various record checks. In your case, information that was developed concerning your employment history indicates that you may not be suitable for employment with the FBI. The choices between the many qualified candidates are difficult ones, and I regret that we are unable to offer you a more favorable decision.
The letter concluded with advice that Arce could request “specific information” from his employment application file under the provisions of the Freedom of Information Act. In response to Arce’s request, the *815 FBI provided him with a portion of his file, which included the disputed document. This document purports to chronicle the results of an unflattering review of Aree’s performance as a Wackenhut background investigator, given by the company’s Human Resources Manager, Yanir Hill, a month before the FBI’s conditional offer of employment was withdrawn. The FBI, as it is incontestably entitled to do as an agency of a sovereign, has refused to respond to any subpoenas seeking a witness to vouch for the substance of the purported transcription. In a deposition taken by counsel for Arce a year and a half after the interview, Hill betrayed a negligible recollection of the interview.
Florida Rule of Civil Procedure 1.510(c) provides that the moving party is entitled to summary judgment as a matter of law where “the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact.” In Florida, a movant for summary judgment has the initial burden of demonstrating the nonexistence of any genuine issue of material fact. See Valderrama v. Portfolio Recovery Assocs., LLC, 972 So.2d 239 (Fla. 3d DCA 2007).
Once competent evidence to support the motion has been tendered, the opposing party must come forward with admissible counter-evidence sufficient to reveal a genuine issue of material fact. See Fla. R. Civ. P. 1.510; Michel v. Merrill Stevens Dry Dock Co., 554 So.2d 593, 596 (Fla. 3d DCA 1989). Arce argues the disputed document in this case is that counter-evidence. We respectfully disagree.
The transcription on which Arce relies to create an issue of fact is, in fact, an inadmissible hearsay statement unless an exception applies. See § 90.801(c), Fla. Stat. (2008) (“‘Hearsay’ is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.”).[1] Arce concedes that unless the transcription meets an exception to the hearsay rule, it is inadmissible and summary judgment was appropriately entered. The only exception argued by Arce is the public records exception codified in section 90.803(8).[2] The exception states in relevant part:
Public records and reports. — Records, reports, statements reduced to writing or data compilations, in any form, of public offices or agencies, setting forth the activities of the office or agency, or matters observed pursuant to duty imposed by law as to matters which there was a duty to report, excluding in criminal cases matters observed by a police officer or other law enforcement personnel, unless the sources of information or other circumstances show their lack of trustworthiness.
§ 90.803(8), Fla. Stat.
“Under this provision, two types of public records and reports are admissible into evidence: (1) records setting forth *816 ‘the activities of the office or agency[5]; and (2) records of a public office or agency which set forth ‘matters observed pursuant to a duty imposed by law as to which matters there was a duty to report.’ ” Lee v. Dep’t of Health & Rehab. Servs., 698 So.2d 1194, 1201 (Fla.1997) (citing Charles W. Ehrhardt, Florida Evidence § 803.8 (1996 ed.)). “In adopting this exception,” our High Court has explained, “Florida specifically excluded a third type of record that is admissible under the corresponding federal rule: that is, ‘a record setting forth factual findings resulting from an investigation made pursuant to an authority granted by law.’ ” Lee, 698 So.2d at 1201. Accordingly, the Court continued, “Records that rely on information supplied by outside sources or that contain evaluations or statements of opinion by a public official are inadmissible under this provision.” Id. The disputed document for which an exception is sought in this case falls squarely into this excluded category. Thus, as our supreme court stated in Lee, “In Florida, rather than offering this type of record, a witness must be called who has personal knowledge of the facts.” Id.
Arce argues, in the alternative, that summary judgment was entered prematurely because he was not given sufficient time to obtain a certificate of authenticity for the disputed document pursuant to section 90.902 of the Florida Evidence Code.[3] It appears that Arce believes either that a federal authentication of the document will ipso facto make the document admissible, or that Arce may be able to persuade the FBI to include something additional in the certification that will make the document admissible into evidence. Arce again errs, first by making the common legal error of conflating authenticity of a document with admissibility, see Ehrhardt, at § 902.1 (“Even after a document is authenticated, it will not be admitted if another exclusionary rule is applicable.”), and second, in his belief that by the FBI inserting some requisite words, the document will become admissible under the public records exception to the hearsay rule. See Lee, 698 So.2d at 1201 (requiring a witness who has personal knowledge of the facts to testify).
We express some degree of sympathy for Arce. He might have been legally maligned by his former employer to the FBI. That also might have been the reason his conditional offer of employment was withdrawn. The FBI says it receives so many requests for information each year that it cannot be bothered to produce a witness at some convenient time to either assist one of the citizens it serves, or dispel his belief concerning why he did not get the job. Absent a witness, Arce’s case is lost. As an agent of'the sovereign, the FBI has every right to behave in such a way as to deliver this result. However, it strikes us that this action is uncharacteristic of the “Government of the People, by the People and For the People,” famously *817 envisioned by Abraham Lincoln in his Gettysburg address over 140 years ago.
Affirmed.
WELLS, J., concurs.

. In reality, the document offered by Arce is triple hearsay — the first being the interview, the second being the dictation of the summary of the interview, and finally, the transcription.

. Arce has expressly rejected, both here and below, reliance upon any other hearsay exception in this case, including — most emphatically — the business records exception. A court’s promise of strict neutrality among those who place their confidence in it for resolution of their differences counsels us against consideration of a ground for a decision that a contestant — in this case, Arce — has expressly stated he does not wish to be considered. See State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613, 615 (1939) (“[Ejvery litigant is entitled to nothing less than the cold neutrality of an impartial [court].”).

. This section of the Florida evidence code reads as follows in pertinent part:
90.902. Self-authentication Extrinsic evidence of authenticity as a condition precedent to admissibility is not required for:
(1) A document bearing:
(a) A seal purporting to be that of the United States or any state, district, commonwealth, territory, or insular possession thereof; the Panama Canal Zone; the Trust Territory of the Pacific Islands; or a court, political subdivision, department, officer, or agency of any of them; and (b) A signature by the custodian of the document attesting to the authenticity of the seal.
(2) A document not bearing a seal but purporting to bear a signature of an officer or employee of any entity listed in subsection (1), affixed in the officer’s or employee's official capacity.

. Pursuant to a request under the Freedom of Information Act (“FOIA”), Arce obtained a transcript of the information compiled by the FBI pertaining to his employment background (the "FBI Records”), including a transcript of the information relayed to the FBI by Hill (the "Hill Transcript"). In this record, there is even conflicting evidence on whether or not Ms. Hill was Mr. Arce's supervisor. For example, in the deposition testimony from Eddy Esquivel, a Wackenhut employee, conflicts with the description of Hill as Arce’s supervisor.