NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSEPH PANZERA and CAROLYN      )
PANZERA, as the personal        )
representatives of the Estate of )
Anthony Panzera, on behalf of the )
Estate and on behalf of themselves as )
surviving parents,              )
                                )
            Appellants,         )
                                )
v.                              )          Case No.  2D14-4302
                                )
DARRYL O'NEAL and PUBLIX SUPER  )
MARKETS, INC.,                  )
                                )
            Appellees.          )
_____)

Opinion filed December 2, 2015.

Appeal from the Circuit Court for Charlotte
County; Joseph G. Foster, Judge.

Brett C. Powell of The Powell Law Firm,
P.A., Palmetto Bay, for Appellants.

Katherine E. Giddings, Elisa Miller and
Michele Rowe of Ackerman, LLP,
Tallahassee; Carrie Ann Wozniak and
Karilynn Alhasnawi, Ackerman, LLP,
Orlando, for Appellees.

SLEET, Judge.

The estate of Anthony Panzera[1] appeals the final order granting summary judgment in favor of Darryl O'Neal and Publix Supermarkets, Inc. Because we agree with the trial court's conclusion that there were no remaining issues of material fact, we affirm.

In the early morning hours of May 29, 2011, O'Neal, a truck driver employed by Publix, fatally struck Panzera as he attempted to cross a multilane interstate on foot. The undisputed facts adduced prior to the summary judgment hearing showed that around 3 a.m., Panzera walked to I-75, climbed a fence, and entered the interstate where he was struck by the Publix semi tractor-trailer driven by O'Neal. Panzera was wearing a dark shirt, and there were no street lights on the interstate in the area of the accident. The semi's engine was equipped with a governor that limited the speed of the truck to sixty-five miles per hour, which was five miles per hour under I-75's posted speed limit. The semi also utilized a system designed to generate a sudden deceleration report when the semi experienced a drop in speed of seven miles per hour or more in less than one second. On the night of the collision, the system produced a report, which indicated that O'Neal was traveling at approximately sixty-five miles per hour when he suddenly began to decelerate.

O'Neal testified that he first saw Panzera when he ran across the emergency lane into his lane of travel. He applied his brakes strongly and steered to the left to avoid Panzera but was unable to avoid the collision. Officer Jennifer Head and Sergeant Herbert Head of the Florida Highway Patrol responded to the scene of the

---

[1]Anthony Panzera's parents, Joseph and Carolyn Panzera, appear on behalf of the estate and themselves as surviving parents in this appeal.

accident. Both observed long skid marks on the road consistent with O'Neal's testimony that he applied the brakes and swerved to avoid hitting Panzera. Corporal James Wilmeth of the Florida Highway Patrol prepared the Traffic Homicide Investigation Report. Corporal Wilmeth observed skid marks beginning almost one hundred feet before the collision and concluded that the evidence available at the scene indicated that O'Neal took immediate evasive action, that O'Neal could have done nothing more to avoid the collision, and that Panzera caused the collision.

At the hearing on O'Neal and Publix's motion for summary judgment, the estate presented no admissible evidence or expert testimony to refute the Florida Highway Patrol officers' conclusion that Panzera caused the accident or in support of their negligence claim against the defendants. O'Neal and Publix argued that the undisputed facts showed that Panzera's own negligence was the only cause of the collision and that there was no evidence that O'Neal contributed to Panzera's death. The trial court agreed and granted final summary judgment in favor of O'Neal and Publix. This appeal followed.

We review an order granting summary judgment de novo. Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). In a negligence action, summary judgment is improper "[u]nless a defendant can establish unequivocally the absence of negligence[] or that the plaintiff's negligence was the sole proximate cause of the injury." Tallent v. Pilot Travel Ctrs., LLC, 137 So. 3d 616, 617 (Fla. 2d DCA 2014) (first alteration in original) (quoting Hervey v. Alfonso, 650 So. 2d 644, 646 (Fla. 2d DCA 1995)). "The party moving for summary judgment has the burden of establishing irrefutably that the nonmoving party cannot prevail." Hervey, 650

So. 2d at 645-46.  Once the moving party has met this heavy burden, the nonmoving party must offer admissible evidence that shows the existence of a genuine issue of material fact.  Rooker v. Ford Motor Co., 100 So. 3d 1229, 1231 (Fla. 2d DCA 2012); Arce v. Wackenhut Corp., 40 So. 3d 813, 815 (Fla. 3d DCA 2010).  Many litigants labor under the misconception that they need only argue or proffer any fact that they believe to be in conflict to survive a motion for summary judgment.  However, to prevail it must be admissible evidence that creates a colorable issue of material fact.  See Byrd v. Leach, 226 So. 2d 866, 868 (Fla. 4th DCA 1969) (holding that the nonmoving party "may not merely assert that an issue does exist, but . . . must go forward with evidence sufficient to generate an issue on a material fact" (citing Harvey Bldg., Inc. v. Haley, 175 So. 2d 780, 782-3 (Fla. 1965))).

Here, in response to O'Neal and Publix's motion for summary judgment the estate raised only speculative, rather than genuine, issues of material fact.  See Byrd, 226 So. 2d at 868 ("The term 'genuine issue' means a real, as opposed to a false or colorable, issue.").  The estate relied solely on the deposition testimony of Panzera's parents, wherein they surmised that O'Neal could have avoided the accident had he taken additional evasive maneuvers and that therefore he must not have been able to see Panzera before the collision occurred.  Their conclusions were based only on their personal review of the scene after the accident.  The Panzeras admitted that they do not have experience in accident reconstruction and were not present at the time of the accident.  Therefore, their bare allegations of negligence are purely speculative lay opinion testimony, which was not admissible evidence and cannot be relied on to create a material issue of fact.  See Tarin v. City Nat'l Bank of Miami, 557 So. 2d 632, 633 (Fla.

- 4 -

3d DCA 1990) (holding that an officer, as a lay witness with no experience in accident reconstruction, was not qualified to give an opinion in the "expert field of traffic investigation and reconstruction").

The only evidence adduced prior to the summary judgment hearing showed that O'Neal was traveling below the speed limit in the right lane, that he applied the brakes as he saw Panzera running into the road, and that he steered to the left to avoid Panzera, who entered the highway from the right shoulder. This evidence supports the appellees' arguments that Panzera was the sole proximate cause of the accident and that there is no admissible record evidence that would support a finding that O'Neal was negligent in his efforts to avoid the collision.

Because the estate's issues are purely speculative and based on inadmissible lay opinion testimony, no material issue of fact remains, and we affirm the order granting summary judgment.

Affirmed.

ALTENBERND and LUCAS, JJ., Concur.