DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HIBBS GROVE PLANTATION HOMEOWNERS ASSOCIATION, INC.,**
Appellant,

v.

**AVRAHAM AVIV** and **HELEN AVIV,**
Appellees.

Nos. 4D14-3339 and 4D15-0149

[May 11, 2016]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. 13-021706 (14).

Patrick Dervishi of Shir Law Group, P.A., Boca Raton, for appellant.

Erin Pogue Newell of Wasson & Associates, Chartered, Miami, for appellees.

DAMOORGIAN, J.

In this consolidated appeal, Hibbs Grove Plantation Homeowners Association, Inc. (the "Association") appeals the court's orders granting Avraham and Helen Aviv's ("Homeowners") motion for summary final judgment and granting motions to tax attorney's fees and costs. For the reasons discussed below, we reverse the summary final judgment and, in doing so, also reverse the attorney's fees and costs award.

By way of background, Homeowners own a home in a planned residential community. The community is governed by a Declaration of Covenants and Restrictions ("Declaration"), and the Association is the entity responsible for enforcing the Declaration. On August 6, 2013, the Association sent Homeowners a certified demand letter informing them that they were in violation of the Declaration for "failing to remove mold/mildew from the exterior of your Property in order to maintain a safe, neat, and attractive appearance." The letter specifically referenced Sections 11 and 12.34 of the Declaration:

Section 11 states in pertinent part that appurtenances not maintained by Association shall be well maintained and kept in first class, good, safe, clean, neat, and attractive condition consistent with the general appearance of the Community by the Owner of each Home.

Section 12.34 states that Roofs and/or exterior surfaces and/or pavement, including, but not limited to, walks and drives, shall be pressure treated within thirty (30) days of notice by the ACC [Architectural Control Committee].

In response, Homeowners faxed the Association's attorney a letter stating that they hired a contractor to pressure clean the exterior of the house and that the job would be completed within the upcoming week. After a month of no further communication between the parties, the Association filed a complaint for injunctive relief. In its complaint, the Association alleged that contrary to Sections 11 and 12.34 of the Declaration, Homeowners: (1) "currently have mold and mildew on the exterior of their Property;" (2) "have failed to pressure wash the exterior of the Property;" and (3) Homeowners' "failure to maintain their property in a safe and clean condition has become a nuisance within the community." The Association, therefore, sought "an order compelling [Homeowners] to pressure wash the exterior of their Property in order to remove the mold and mildew from [their] Property."

Two days after being served with the complaint, Homeowners faxed the Association's attorney a letter stating that they complied with the demand letter and in support attached: (1) a copy of a pressure cleaning payment invoice and check; and (2) photographs of the exterior of the home showing the pressure cleaned walls. After some attempt at resolving the dispute, Homeowners moved to dismiss the action for failure to state a cause of action. At the hearing on Homeowners' motion to dismiss, the court forewarned the Association's attorney that if he proceeded with the action and it turned out that Homeowners did in fact comply by pressure cleaning the exterior of the home, the court could tax costs and fees against the Association. The court ultimately denied Homeowners' motion to dismiss, noting that the proper remedy at this point would be to move for summary judgment.

Taking their cue from the trial judge, Homeowners filed a motion for final summary judgment in which they reiterated their prior argument that they fully complied with the Association's demand to pressure clean the exterior of their home. The Association in turn filed its opposition to summary judgment, which, *inter alia*, emphasized Homeowners'

2

deposition testimony wherein they acknowledged that after the pressure cleaning some "stains" remained. Accordingly, the Association maintained "the relief sought by way of injunction in this case has not been obtained since the marks and/or the stains remained after the filing of the complaint and/or continue to exist." The Association further argued that the true issue in the case was not limited to whether Homeowners pressure cleaned the exterior of the home, but rather whether the pressure cleaning removed all "stains" in compliance with Sections 11 and 12.34 of the Declaration.

Despite the fact that the Association presented evidence that Homeowners' efforts to remove the stains on the exterior walls of the home were unsuccessful, the court granted the motion and entered summary final judgment against the Association on the grounds that Homeowners pressure cleaned the affected areas as of the date of the filing of the complaint. On its own initiative, the court found that Homeowners were entitled to attorney's fees as section 57.105 sanctions. The court also awarded Homeowners prevailing party attorney's fees pursuant to section 720.305, Florida Statutes. This appeal follows.

We review a trial court's order on a motion for summary judgment de novo. *Pearson v. Caterpillar Fin. Servs. Corp.*, 60 So. 3d 1168, 1171 (Fla. 4th DCA 2011). "All doubts and inferences must be resolved against the moving party, and if there is the slightest doubt or conflict in the evidence, then summary judgment is not available." *Reeves v. N. Broward Hosp. Dist.*, 821 So. 2d 319, 321 (Fla. 4th DCA 2002).

On appeal, the Association argues that the trial court erred in entering summary final judgment in favor of Homeowners because the trial court misconstrued the nature of the dispute and, concomitantly, the relief sought. We agree and hold that a fair reading of the complaint clearly establishes that Homeowners were on notice that the stains on the exterior walls of their home constituted a violation of the Declaration. The fact that the Association sought to compel Homeowners to pressure clean the exterior walls in its prayer for relief did not obviate the need to remediate the staining problem if pressure cleaning did not cure the violation. To adopt the trial court's narrow reading of the complaint would not only render the allegations setting forth the specific violation, including the statements in the demand letter, meaningless, but would also violate the general rule that "evidence presented at [a summary judgment] hearing plus favorable inferences reasonably justified thereby are *liberally construed in favor of the opponent*." *Harvey Bldg., Inc. v. Haley*, 175 So. 2d 780, 782 (Fla. 1965) (emphasis added).

3

*Reversed.*

GROSS and KLINGENSMITH, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***