Damoorgian, J.
Linda Schumacher (‘Agent”) appeals the summary final judgment entered in favor of Reback Realty, Inc. (“Broker”) in her breach of contract action. For the reasons discussed below, we reverse the summary final judgment and remand for further proceedings consistent with this opinion.
The following facts are undisputed. In 2013, Agent entered into an independent contractor agreement (the ‘Agreement”) *72 with Broker. The Agreement provided that commissions would be generally split 80/20, with 80% going to Agent and 20% going to Broker. The Agreement further provided that in the event ‘two or more AGENTS participate in rendering a brokerage service to the public, or claim to have done so, BROKER will determine, in BROKER’S sole and absolute discretion, the amount of fees due AGENT(S).”
In 2014, Agent, along with another individual working on behalf of Broker, was involved in a real estate transaction which produced a $100,000 commission. Pursuant to the Agreement, Agent requested her $80,000 share of the commission. Broker refused and Agent sued for breach of contract. In its answer, Broker denied that Agent was entitled to the full $80,000 commission fee because two or more ‘agents” participated in the transaction. Therefore, pursuant to the ‘two or more agents” provision, Broker had the sole and absolute discretion in determining the amount of commission fees due to each agent. Aside from alleging that a second ‘agent” was involved in the transaction, Broker attached no evidence showing that the other individual was in fact an agent.
Broker eventually moved for summary judgment on the same grounds as alleged in the answer. Broker’s summary judgment evidence consisted of the following: (1) a copy of the Agreement; (2) the transcript from Agent’s deposition; and (3) an affidavit from Broker’s representative attesting that the Agreement was in effect at all times material to the litigation. Broker again attached no evidence showing that the other individual involved in the transaction was in fact an agent. Following a brief summary judgment hearing, the trial court entered summary final judgment in favor of Broker. The court’s decision was based on its finding that because two or more ‘agents” were involved in the transaction, Broker could not be in breach of contract for refusing to pay Agent the full $80,000 commission fee. This appeal follows.
‘We review a trial court’s order on a motion for summary judgment de novo.” Hibbs Grove Plantation Homeowners Ass’n v. Aviv, 193 So.3d 977, 979 (Fla. 4th DCA 2016). It is well established that ‘[a] trial court may enter summary judgment only when there are no genuine issues of material fact conclusively shown from the record and the movant is entitled to judgment as a matter of law.” Reeves v. N. Broward Hosp. Dist., 821 So.2d 319, 321 (Fla. 4th DCA 2002) (emphasis added). Furthermore, ‘[a]ll doubts and inferences must be resolved against the moving party, and if there is the slightest doubt or conflict in the evidence, then summary judgment is not available.” Id.
In the present case, Agent’s breach of contract claim against Broker hinged on the issue of whether another ‘agent” participated in the transaction. By alleging that Broker breached the Agreement by refusing to pay her the full $80,000 commission fee, Agent impliedly took the position that she was the sole acting agent in the transaction and therefore entitled to the full commission fee. Broker, in turn, denied Agent’s allegation that she was entitled to the full commission fee because ‘more than one agent was involved in producing a result on behalf’ of Broker. Therefore, whether the other individual involved in the transaction qualified as an ‘agent” was a disputed issue of material fact in the case. It was incumbent on Broker, as the moving party, to produce summary judgment evidence demonstrating that two or more ‘agents” in fact participated in the transaction. As Broker failed to do so, the trial court erred in entering *73 summary final judgment as a genuine issue of material fact remained.

Reversed and remanded.

Gerber and Forst, JJ., concur.