DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EDWIN MENA** and **CARLA MENA,**
Appellants,

v.

**SANTIAGO URIBE,**
Appellee.

No. 4D16-3267

[August 23, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina-Garcia Wood, Judge; L.T. Case No. 14-014780(08).

Edwin Mena and Carla Mena, Homestead, pro se.

No appearance for appellee.

DAMOORGIAN, J.

Edwin and Carla Mena ("Defendants") appeal from a final summary judgment entered in favor of Santiago Uribe ("Plaintiff"). For the reasons discussed below, we affirm the summary judgment on the issue of liability but reverse and remand on the issue of damages.

In 2014, Plaintiff sued Defendants for $22,000 after they defaulted on certain loans. The complaint alleged that Plaintiff and Defendants entered into "business transactions" which resulted in Plaintiff lending them money. As collateral for the loans, Plaintiff was given a possessory lien on a Ford F350 truck belonging to Defendants. Plaintiff was also given physical possession of the truck while the loans were being repaid. According to the complaint, the $22,000 represented money "that is due with interest since March 29, 2013 for money lent by Plaintiff to Defendants" as well as "storage fees and repairs on the [truck]." Attached to Plaintiff's complaint was a pre-suit demand letter sent from Plaintiff's attorney to Defendants offering to settle the $22,000 debt for $17,000.

Defendants answered the complaint and denied all the material allegations. They also raised several affirmative defenses including,

amongst others, that Plaintiff never specified a due date for the repayment of "any loans that purportedly were made to the Defendants." Defendants also denied pledging the truck as a collateral, maintaining instead that Plaintiff was actually lent the truck in exchange for him agreeing to pay all monthly finance and insurance payments.

Plaintiff eventually moved for summary judgment and, contrary to the amount alleged in the complaint, now alleged $44,587.98 in damages. In support of his motion, Plaintiff attached: (1) the pre-suit demand letter listing the amount of damages as $22,000; and (2) an affidavit written by Plaintiff attesting that Defendants presently owed the following itemized amounts:

- $10,000 for Bank of America loan payments.

- $3,600 for insurance on the truck.

- $5,965.88 for truck repairs.

- $22,200 in storage fees for having to store the truck for five years.

- $2,422.10 for cell phones.

- $400 for traffic citations paid for by Plaintiff.

The affidavit also referenced and attached a series of text messages between Plaintiff and Defendants. In those text messages, which were sent after Plaintiff's attorney mailed the pre-suit demand letter but before he filed the complaint, Defendants repeatedly assured Plaintiff that they were getting the money together to repay him and "resolve" everything.

Defendants did not timely respond to the motion for summary judgment. The record reflects that the matter proceeded to a summary judgment hearing and that all parties were in attendance. The hearing, however, was not transcribed. Following the hearing, the court entered final summary judgment in favor of Plaintiff in the amount of $44,587.98.

Defendants thereafter moved for rehearing and argued, amongst other things, that they did not owe Plaintiff any money and "never acknowledged the debt." Defendants attached affidavits to their motion wherein they expressly acknowledged that Plaintiff had lent them money; paid to have the truck returned after it was repossessed; paid to have the truck repaired; purchased a cell phone for them; and paid their traffic citations.

They also attached three bank slips showing that after the pre-suit demand letter was sent but before the complaint was filed, Defendants paid Plaintiff a total of $2,500. Defendants nonetheless maintained that they owed Plaintiff no money. The trial court ultimately denied the motion. This appeal follows.

"We review a trial court's order on a motion for summary judgment de novo." *Hibbs Grove Plantation Homeowners Ass'n v. Aviv*, 193 So. 3d 977, 979 (Fla. 4th DCA 2016). "A trial court may enter summary judgment only when there are no genuine issues of material fact conclusively shown from the record and the movant is entitled to judgment as a matter of law." *Reeves v. N. Broward Hosp. Dist.*, 821 So. 2d 319, 321 (Fla. 4th DCA 2002). Moreover, "[a]ll doubts and inferences must be resolved against the moving party, and if there is the slightest doubt or *conflict* in the evidence, then summary judgment is not available." *Id.* (emphasis added).

In the present case, the unrebutted summary judgment evidence conclusively demonstrated that a debt was owed and that Defendants were liable for that debt. The same, however, cannot be said for the amount owed as Plaintiff's own conflicting summary judgment evidence created an issue of fact as to the proper amount of damages. Specifically, the pre-suit demand letter and complaint both alleged damages in the amount of $22,000 whereas Plaintiff's affidavit alleged damages in the amount of $44,587.98. In light of the conflicting evidence, it was error for the trial court to enter summary judgment on the issue of damages. *See Reeves*, 821 So. 2d at 321. Accordingly, we affirm the summary judgment in favor of Plaintiff on the issue of liability and reverse and remand for further proceedings on the issue of damages only.

*Affirmed in part, reversed in part, and remanded.*

TAYLOR and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3