# Third District Court of Appeal

## State of Florida

Opinion filed July 21, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0108
Lower Tribunal Nos. 20-0087 AP; 12-0576 SP

_____

**United Automobile Insurance Company**,
Appellant,

vs.

**Progressive Rehabilitation and Orthopedic Services, LLC,
a/a/o Yasel Alonso**,
Appellee.


An Appeal from the County Court for Miami-Dade County, Lawrence D. King, Judge.

Michael J. Neimand, for appellant.

A Able Advocates — Stuart L. Koenigsberg, P.A., and Stuart L. Koenigsberg, for appellee.


Before EMAS, LINDSEY, and GORDO, JJ.

LINDSEY, J.

United Automobile Insurance Company appeals a final judgment in favor of Progressive Rehabilitation and Orthopedic Services, L.L.C. (the "Clinic"), A/A/O Yasel Alonso (the "Insured"). The lower court granted summary judgment in favor of the Clinic, concluding that United's affidavit in opposition to summary judgment was purely speculative and therefore legally insufficient. Because United's affidavit is not speculative, we reverse the final judgment and remand for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

This case arises out of a breach of contract action wherein the Clinic, as assignee of the Insured, sued United, seeking payment for medical services rendered. The Insured was covered under a policy of insurance with United for personal injury protection ("PIP") benefits. In its answer to the complaint, United denied that the charges the Clinic submitted for these services were reasonable.[1]

The Clinic filed a motion for summary judgment on the issue of reasonableness. In support, the Clinic attached an affidavit of Dr. Jason Levine, the Clinic's owner and corporate representative, who asserted the charges were reasonable. Prior to the Clinic filing its summary judgment

---

[1] Pursuant to the PIP statute, to be entitled to benefits, charges for services rendered must be reasonably related and medically necessary. See § 627.736, Fla. Stat. (2020).

2

motion, United had filed an affidavit of Monica Johnson, its claims adjuster and records custodian, who asserted the charges were not reasonable. United indicated it would rely on this affidavit in opposition to any summary judgment motion the Clinic may file on the issue of reasonableness. Thus, the Clinic addressed the sufficiency of Ms. Johnson's affidavit in its motion for summary judgement. In the event the lower court accepted Ms. Johnson's affidavit, the Clinic requested a <u>Daubert</u> hearing "on the witness as to the qualifications and basis of [her] proffered opinions."[2]

The lower court granted summary judgment in favor of the Clinic, finding that Ms. Johnson's affidavit was "insufficient as a matter of law, as it solely presents conclusions of law without supporting facts, and said opinion is therefore purely speculative." Thereafter, the lower court entered final judgment in favor of the Clinic in the amount of $1,275.26.

This timely appeal followed.[3]

---

[2] The Florida Supreme Court adopted the <u>Daubert</u> standard for expert opinion testimony in <u>In re Amendments to Florida Evidence Code</u>, 278 So. 3d 551 (Fla. 2019). <u>See also</u> § 90.702, Fla. Stat. (2020).

[3] Originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, this appeal was transferred to this Court in January of 2021. See chapter 20-61, section 3, Laws of Florida, amending section 26.012(1) and repealing section 924.08, to remove circuit court jurisdiction over the majority of the appeals of county court orders or judgments and vesting jurisdiction of those appeals in the district courts of appeal. Thus, we have jurisdiction.

## II.    STANDARD OF REVIEW

We review an order granting summary judgment de novo. <u>Volusia County v. Aberdeen at Ormond Beach, L.P.</u>, 760 So. 2d 126, 130 (Fla. 2000). Similarly, a lower court's ruling on the legal sufficiency of an affidavit is also reviewed de novo.  <u>See</u> <u>Gonzalez v. Citizens Prop. Ins. Corp.</u>, 273 So. 3d 1031, 1035 (Fla. 3d DCA 2019).  It is reversible error to grant summary judgment where there are genuine issues of material fact.[4]  <u>See</u> <u>Garcia v. First Cmty. Ins. Co.</u>, 241 So. 3d 254, 257 (Fla. 3d DCA 2018) ("[I]f the record

---

[4] The Florida Supreme Court recently adopted the federal summary judgment standard and amended Florida Rule of Civil Procedure 1.510.  <u>See</u> <u>In re Amendments to Fla. R. of Civ. P. 1.510</u>, 309 So. 3d 192 (Fla. Dec. 31, 2020) ("The Court, on its own motion, amends Florida Rule of Civil Procedure 1.510 (Summary Judgment). Effective May 1, 2021, the amended rule adopts the summary judgment standard articulated by the United States Supreme Court in <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); and <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (together, the 'federal summary judgment standard').").

The new rule governs adjudication of any summary judgment motion decided on or after that date, including cases where a motion is pending.  <u>In re Amendments to Fla. R. Civ. P. 1.510</u>, 46 Fla. L. Weekly S95 (Fla. Apr. 29, 2021).  However, where a motion has already been decided under the pre-amendment rule, review is under the pre-amendment rule.  <u>Cf.</u> <u>id.</u> at S97 ("Any pending rehearing of a summary judgment motion decided under the pre-amendment rule should be decided under the pre-amendment rule, subject of course to a party's ability to file a renewed motion for summary judgment under the new rule.").

reflects the existence of any genuine issue of material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper." (quoting Holland v. Verheul, 583 So. 2d 788, 789 (Fla. 2d DCA 1991))).

## III.  LAW AND ANALYSIS

This is a classic summary judgment issue involving competing affidavits.  One in favor of summary judgment, one against.  The sole issue for our review is whether Ms. Johnson's affidavit is legally sufficient.

Florida Rule of Civil Procedure 1.510(e) (effective to April 30, 2021) provides that affidavits supporting or opposing summary judgment "must be made on personal knowledge, must set forth such facts as would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated therein."[5]  When considering legal sufficiency of an affidavit, "[t]he focus is on whether the affidavits show evidence of a nature that would be admissible at trial . . . ."  Gonzalez, 273 So. 3d at 1036 (citing Hernandez v. United Auto. Ins. Co., 730 So. 2d 344,

---

[5] Under the recently amended summary judgment rule, these requirements are set forth in Rule 1.510(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

345 (Fla. 3d DCA 1999)). "It is well established that affidavits . . . which are based entirely upon speculation, surmise and conjecture, are inadmissible at trial and legally insufficient to create a disputed issue of fact in opposition to a motion for summary judgment." Morgan v. Cont'l Cas. Co., 382 So. 2d 351, 353 (Fla. 3d DCA 1980) (citations omitted).

Here, the trial court concluded that Ms. Johnson's affidavit was legally insufficient because it was purely speculative. We disagree. In her affidavit, Ms. Johnson stated she has over twenty years of experience reviewing bills from medical providers in South Florida. She further outlined her educational experience and stated she had knowledge of "the Medicare Fee Schedule, CHAMPTUS/Tricare Fee schedule, and Workers Compensation Fee Schedule under which providers in South Florida accept payment . . . ." She is also familiar with the CPT codes billed by Plaintiff in this case. Her conclusion that the charges billed were unreasonable was not speculative, it was explicitly based on "the statutory evidentiary factors set out in F.S. 627.736(5)(a), [her] review of the claims file, the medical charges submitted by the provider, and the various state and federal fee schedule reimbursement rates, as adjusted for locality . . . ."

The trial court cited several cases in support of its legal conclusion that Ms. Johnson's affidavit was insufficient. We distinguish the relevant cases

6

as follows. In <u>Gonzalez</u>, this Court held that an affidavit was legally insufficient pursuant to Rule 1.510(e) where the affiant opined that a leaky roof was caused by a storm, but inspection of the roof occurred a year after the damaged roof had been replaced. 273 So. 3d at 1036-37. This Court observed that "[u]nless there somehow occurred a suspension of the general laws of physics and common human experience, one cannot normally observe 'damages to the roof' after the damaged roof was replaced." <u>Id.</u> at 1037. Because the affidavit lacked a "discernible, factually-based chain of underlying reasoning[,]" this Court concluded that the affidavit was, at best, based on conjecture and surmise. <u>Id.</u> (quoting <u>Div. of Admin. v. Samter</u>, 393 So. 2d 1142, 1145 (Fla. 3d DCA 1981)). Here, by contrast, Ms. Johnson's affidavit was based on a discernable, factually based chain of reasoning.

The lower court also relied on <u>Panzera v. O'Neal</u>, 198 So. 3d 663 (Fla. 2d DCA 2015). In <u>Panzera</u>, a Publix truck fatally struck Panzera as he attempted to cross a multilane interstate on foot. <u>Id.</u> at 664. Panzera's estate, in opposition to summary judgment, relied solely on the deposition testimony of Panzera's parents. <u>Id.</u> at 665. They opined that the driver could have avoided the accident had he taken evasive maneuvers, but they admitted they had no experience in accident reconstruction, and they were not present at the time of the accident. <u>Id.</u> The Second District affirmed

7

summary judgment in Publix's favor, holding that the estate's opposition to summary judgment was purely speculative and could not be relied on to create a material issue of fact.  Id.  Unlike in Panzera, Ms. Johnson's opinion in this case was not a speculative, bare assertion.  It was based on her education, experience, and her review of various relevant documents.

Finally, we briefly address the Daubert standard for expert opinion testimony.  The order on appeal does not appear to be based on Daubert.[6] But to the extent there is any overlap with the Daubert standard and the lower court's conclusion that Ms. Johnson's affidavit was purely speculative,[7] we write to explain that the Daubert standard does not prohibit, as the Clinic suggests, expert opinion testimony based on experience.

Section 90.702, which codifies the Daubert standard, provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill,

---

[6] As previously mentioned, in the event the lower court accepted Ms. Johnson's affidavit, the Clinic requested a Daubert hearing.  Our reversal is without prejudice to the lower court considering Ms. Johnson's expert opinion testimony under the Daubert standard.

[7] Cf. Perez v. Bell S. Telecommc'ns, Inc., 138 So. 3d 492, 499 (Fla. 3d DCA 2014) ("Subjective belief and unsupported speculation are henceforth inadmissible." (citing Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 590 (1993))).

experience, training, or education may testify about it in the form of an opinion or otherwise, if:

(1) The testimony is based upon sufficient facts or data;

(2) The testimony is the product of reliable principles and methods; and

(3) The witness has applied the principles and methods reliably to the facts of the case.

Nothing in the rule prohibits expert opinion testimony based on experience. Indeed, the plain language of section 90.702 permits an expert to be qualified by "knowledge, skill, experience, training, or education . . . ." See also Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147-51 (1999) (explaining that the Daubert factors apply to all expert testimony, including experience-based testimony); Am. Gen. Life Ins. Co. v. Schoenthal Family, LLC, 555 F.3d 1331, 1338 (11th Cir. 2009) ("The beneficiaries argue that Skipper's testimony is unreliable because '[e]xperience alone . . . can never form the basis for expert testimony,' but this argument fails.").

One of the stated purposes for amending section 90.702 is as follows: "the Florida Legislature intends to prohibit in the courts of this state pure opinion testimony as provided in Marsh v. Valyou, 977 So. 2d 543 (Fla. 2007) . . . ." Ch. 2013–107, Laws of Fla. In Marsh, the Florida Supreme Court held that the Frye standard for admissibility did not apply to "pure opinion"

9

testimony; that is, testimony based on experience or training. 977 So. 2d at 548. In other words, Marsh prohibited lower courts from applying any admissibility criteria, even under the more relaxed Frye standard, to experience-based testimony.

In prohibiting pure opinion testimony "as provided in Marsh[,]" the Florida Legislature did not create a per se prohibition. It simply brought Florida in line with the federal Daubert standard, which requires all expert testimony, including experience-based testimony, to satisfy Daubert's reliability inquiry. See Ch. 2013–107, Laws of Fla. ("An act relating to expert testimony; amending s. 90.702, F.S.; providing that a witness qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion as to the facts at issue in a case under certain circumstances; requiring the courts of this state to interpret and apply the principles of expert testimony in conformity with specified United States Supreme Court decisions; **subjecting pure opinion testimony to such requirements** . . . ." (Emphasis added)).

## IV. CONCLUSION

Because Ms. Johnson's affidavit was not purely speculative and therefore not legally insufficient, we reverse the order on appeal and remand for further proceedings consistent with this opinion.

Reversed and remanded.