# Third District Court of Appeal

## State of Florida

Opinion filed December 14, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-353
Lower Tribunal No. 15-3378 SP
_____

**Velo Chiro Fizik, Inc. a/a/o Alfonso Quiroga,**
Appellant,

vs.

**Allstate Fire and Casualty Insurance Company,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Milena Abreu, Judge.

Law Office of Chad A. Barr, P.A., and Chad A. Barr (Altamonte Springs), for appellant.

Shutts & Bowen LLP, and Daniel E. Nordby, Jason Gonzalez (Tallahassee) and Garrett A. Tozier (Tampa), for appellee.

Before EMAS, SCALES and MILLER, JJ.

PER CURIAM.

In this appeal, the medical provider, Velo Chiro Fizik, Inc., challenges final summary judgment entered in favor of the insurer, Allstate Fire & Casualty Insurance Company, on a claim that Allstate breached the applicable personal injury protection policy by failing to pay benefits due for medical services provided to the insured. We discern no error and affirm the entry of summary judgment to the extent the trial court found that the policy at issue provides legally sufficient notice of the insurer's election to use the permissive fee schedules identified in section 627.736(5)(a)2. of the Florida Statutes. See Allstate Ins. Co. v. Orthopedic Specialists, 212 So. 3d 973, 979 (Fla. 2017). We are constrained to otherwise reverse, however, because the record is devoid of an affidavit or other summary judgment evidence showing that Allstate paid the proper amount due under the fee schedules. See Gonzalez v. Citizens Prop. Ins. Corp., 273 So. 3d 1031, 1036 (Fla. 3d DCA 2019) ("To fulfill his burden [the summary judgment movant] must offer sufficient admissible evidence to support his claim of the non-existence of a genuine issue. If he fails to do this his motion is lost." (quoting Harvey Bldg., Inc. v. Haley, 175 So. 2d 780, 783 (Fla. 1965))). As such, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.